UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHELLE KNIGHTEN, individually And on behalf of others similarly situated | * * * | CIVIL ACTION NO.: |
| VERSUS | * * | |
| OUR GRACE, LLC and LACEISHA KING | * * * | COLLECTIVE ACTION |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Michelle Knighten, individually and on behalf of all others similarly situated, brings this Collective Action against Defendants, Our Grace, LLC and Laceisha King, and alleges as follows:

### I.    JURISDICTION

1.    Plaintiff brings claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* against Defendants, Our Grace, LLC and Laceisha King, for misclassifying their direct service workers as "independent contractors" and failing to pay overtime and/or minimum wage compensation for all hours worked. This Court has jurisdiction under 28 U.S.C. §1331 as Plaintiff's claims are brought pursuant to the FLSA and, more particularly, 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any federal or state court of competent jurisdiction."

### II.    PARTIES

2.    Plaintiff is domiciled in East Baton Rouge Parish, State of Louisiana, and was employed by Defendants from approximately November 18, 2020 through July 7, 2022 as a direct service worker who provided companionship services in the homes of Defendants' clients.

Plaintiff's hours varied from week to week but she regularly worked more than forty (40) hours a week.

3. Plaintiff has consented to filing the instant action. (Exhibit "A").

4. Defendant Our Grace, LLC (hereinafter referred to as "Our Grace") is a Louisiana limited liability company with its principal place of business located at 11940 Bricksome Avenue, Suite D, Baton Rouge, Louisiana 70816, and may be served through its registered agent, Laceisha King, at 39168 Superior Wood Avenue, Gonzales, Louisiana 70737.

5. Defendant Our Grace employed Plaintiff and participated directly in employment decisions regarding Plaintiff's rights for which she seeks redress in this case.

6. Defendant Laceisha King (hereinafter referred to as "King"), is a Louisiana resident over the age of majority who can be served at her residence at 39168 Superior Wood Avenue, Gonzales, Louisiana 70737.

7. Defendant King employed Plaintiff and participated directly in employment decisions regarding Plaintiff's rights for which she seeks redress in this case.

8. Plaintiff brings this action on behalf of herself and other similarly situated current and former individuals who performed work for Defendants as direct service workers.

9. The precise size and the identity of the Collective is ascertainable from the business records, payroll and/or employee or personnel records of Defendants.

### III.  VENUE

10. Venue is proper in this District pursuant to 28 U.S.C. §1391 as the acts and omissions giving rise to the claims occurred in this District.

11. Furthermore, Defendants' principal office and residence are located in East Baton Rouge Parish.

## IV. COLLECTIVE ACTION DEFINITION

12. The Collective of similarly situated employees sought to be certified under 29 U.S.C. §216(b) as a collective action is defined as:

> All current and former direct service workers who performed work for Our Grace, LLC and/or Laceisha King and who were classified as independent contractors at any time since three (3) years prior to the filing of this Complaint. (Collective Members)

## V. COVERAGE UNDER THE FLSA

13. At all times hereinafter mentioned, Defendants are and have been employers within the meaning of 29 U.S.C. §203(d).

14. At all times hereinafter mentioned, Defendants are and have been an enterprise within the meaning of 29 U.S.C. §203(r).

15. At all pertinent times, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

16. Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. Defendants are third-party employers of the putative Collective Members (as defined below) who are direct service workers who provide companionship services for Defendants' clients. By statute, the FLSA is applicable to these workers pursuant to 29 C.F.R. §552.6; 552.99 ("Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce"); and 552.100 (". . . domestic service employees who work more than 40 hours in any one workweek for the same employer must be paid overtime compensation at a rate not less than one and one-half times the employee's regular rate of pay for such excess hours. . .").

18. Plaintiff and the putative Collective Members all are "domestic service employees" as defined by 29 C.F.R. § 552.3 and 552.6. as they are employed by Defendants as direct service workers to perform companionship services consisting of providing fellowship, protection and care for elderly persons or persons with an illness, injury, or disability who require assistance.

19. Plaintiff, and all those similarly situated, are non-exempt home healthcare workers covered under the FLSA. *See*, Application of the Fair Labor Standards Act to Domestic Service, 78 Fed. Reg. at 60,454.

20. At all times hereinafter mentioned, Plaintiff, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207. 29 C.F.R. § 552.2 ("employment of persons in domestic service in households affects commerce").

21. Defendant King acted directly and indirectly in the interest of Defendant Our Grace and thus, she is considered an "employer" under the FLSA. 29 U.S.C. § 203(d). For example, Defendant King participated directly in the following activities that were applicable to Plaintiff and the Collective Members on behalf of Defendant Our Grace:

    a) hiring and terminating direct service workers;

    b) resolving payroll issues;

    c) setting pay rates;

    d) handling disciplinary issues;

    e) enforcing company policies and procedures;

    f) creating and implementing the independent contractor structure;

    g) deciding not to pay overtime for hours worked over forty (40); and

    h) dictating the manner in which direct service workers performed their jobs;

22. Furthermore, Defendant King had operational control of Defendant Our Grace. She has the capacity to bind the company contractually, and she is the owner of the company (https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=1333881_EB61B06EDC). *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984) (corporate officers with operational control of a corporation's covered enterprise is an employer).

## VI. FACTS

23. Defendants operate a home healthcare agency in Baton Rouge, Louisiana providing home healthcare services.

24. Plaintiff and the Collective Members were employed by Defendants as direct service workers who provided companionship services for the elderly, ill or disabled.

25. Plaintiff's hours varied from week to week during her employment with Defendants, but she regularly worked more than forty (40) hours in a workweek.

26. For example, during the two-week pay period from February 20, 2022 through March 5, 2022, Plaintiff worked 107.45 hours. She was paid $967.05. She was paid a straight time rate of $9.00 an hour for all hours worked but no overtime.

27. For the two-week pay period from May 30, 2021 through June 12, 2021, Plaintiff worked 163.45 hours. She was paid $1,471.05. She was paid straight time for all hours worked.

28. Upon information and belief, the Collective Members were also regularly scheduled to and did work more than forty (40) hours in a workweek.

29. Defendants did not pay overtime wages to Plaintiff or the Collective Members for hours worked over forty (40) in a workweek.

30. Defendants uniformly misclassified Plaintiff and the Collective Members as independent contractors to avoid liability under the FLSA for overtime pay when they are in fact employees.

31. Plaintiff and the Collective Members were required to follow and comply with Defendants' rules, policies and procedures, without exercising independent judgement.

32. Defendants controlled all aspects of Plaintiff's and the Collective Members' jobs, duties and responsibilities.

33. Plaintiff and the Collective Members had no ability or opportunity to make a profit while performing their duties and instead earned only their hourly wage.

34. Plaintiff and the Collective Members were not able to delegate any aspect of their work to others and instead were required to personally perform their job duties.

35. Plaintiff and the Collective Members were not free to accept employment by others while working for Defendants.

36. Plaintiff and the Collective Members were not in business for themselves and truly independent but were instead economically dependent upon Defendants for employment.

37. The jobs performed by Plaintiff and the Collective Members were integral to Defendants' business.

38. Plaintiff and the Collective Members financial investment was minor when compared to that of Defendants.

39. Acknowledging that Plaintiff and the Collective Members were misclassified as independent contractors, and without changing their job duties or description, on or about June 2022, Defendants reclassified Plaintiff and the Collective Members from independent contractors to W2 employees and further reclassified them as FLSA overtime non-exempt. Consistent with

this reclassification, Defendants began paying overtime wages to Plaintiff and the Collective Members.

40. Despite Defendants reclassification of Plaintiff, Defendants failed to pay Plaintiff her unpaid overtime for all weeks where she was misclassified as an independent contractor and further failed to reclassify or backpay the Collective Members.

41. Plaintiff and the Collective Members were also required to use their personal vehicles for work related activities such as transporting clients to the doctor, running errands and grocery shopping but were forced to bear many of the expenses of their employment, such as the costs of wear and tear/depreciation on their personal vehicles, the costs of fuel, internet service, and use of mobile devices. Defendants did not reimburse Plaintiff and the Collective Members for these expenses, and workers were solely responsible for paying them out-of-pocket.

42. Defendants' failure to reimburse automobile and other expenses constitutes a "kickback" to Defendants such that the wages paid to Plaintiff and the Collective Members were not paid free and clear of all outstanding obligations to Defendants.

43. In light of the unreimbursed expenses that workers must bear, there are workweeks when Plaintiff and the Collective Members do not earn the federal minimum wage of $7.25 per hour for all hours worked.

44. Defendants were aware that Plaintiff and the Collective Members were not paid the minimum wage, and that they worked overtime hours, because they scheduled or permitted workers to work more than forty (40) hours in a workweek and set compensation rates that resulted in workers' earnings falling below federal minimum wage requirements (when taking into consideration the total hours worked and expenses).

45. Plaintiff is aware of other current and former employees of Defendants who were subject to the same payroll practice.

## VII. COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

47. The Collective Members are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices. All are hourly, non-exempt home healthcare workers who provided companionship services and who were misclassified as independent contractors.

48. Defendants' failure to pay overtime and minimum wages compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the Collective Members are similarly situated employees.

49. Defendants' practice and policy of misclassifying Plaintiff and the Collective Members as independent contractors and not paying overtime affects Plaintiff and the Collective members and was a willful violation of the FLSA.

50. Whether Defendants violated the FLSA by failing to pay Plaintiff and the Collective Members overtime and misclassifying them as independent contractors is a threshold legal issue which can be determined using representative testimony in a collective action.

51. The specific job titles or precise job requirements of the Collective Members does not prevent collective treatment. All of Defendants misclassified independent contractors are employees who are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at their overtime rate.

52. Defendants' failure to reimburse expenses, resulting in compensation to Plaintiff and the Collective Members below the minimum level was a willful violation of the FLSA.

53. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## VIII. VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

56. Plaintiff and the Collective Members are not exempt from the overtime requirements of the FLSA.

57. Plaintiff and the Collective Members were not compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked over forty (40) hours in a workweek for all weeks.

58. Defendants knew Plaintiff and the Collective Members were non-exempt and entitled to an overtime premium.

59. Defendants had no justifiable reason to withhold wages for all hours worked and an overtime premium for hours worked over forty (40) in a work week.

60. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of misclassifying Plaintiff and Collective Members as independent contractors and not employees and failing to pay Plaintiff and the Collective Members overtime compensation for all hours worked over forty (40) in the past three (3) years.

61. Plaintiff, individually and on behalf of the Collective Members, seeks damages for unpaid overtime wages, liquidated damages as provided under the FLSA, interest, and such other legal and equitable relief as the Court deems proper.

62. Plaintiff, individually and on behalf of the Collective Members, seeks recovery of attorney's fees and costs to be paid by Defendants as provided by the FLSA.

### IX. VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY MINIMUM WAGE COMPENSATION

63. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

64. This claim arises from Defendants' violation of 29 U.S.C. §201, *et seq.* by failing to pay a minimum wage to Plaintiff and the Collective Members.

65. Pursuant to 29 U.S.C. §206, Plaintiff and the Collective Members were entitled to be compensated at the applicable minimum wage rate of $7.25 per hour.

66. Defendants, pursuant to their policies and practices, failed to pay the required minimum wage to Plaintiff and the Collective Members.

67. By failing to compensate Plaintiff and the Collective Members the minimum wage, Defendant violated, and continues to violate, the workers' statutory rights under 29 U.S.C. §206.

68. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255, without good faith or reasonable basis.

69. Plaintiff, individually and on behalf of the Collective Members, seeks damages for unpaid minimum wages, liquidated damages as provided under the FLSA, interest, and such other legal and equitable relief as the Court deems proper.

70. Plaintiff, individually and on behalf of the Collective Members, seeks recovery of attorney's fees and costs to be paid by Defendants as provided by the FLSA.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated Collective Members, prays for judgment in her favor, and against Defendants, Our Grace, LLC and Laceisha King, as follows:

1. For an Order authorizing preliminary discovery on the issue of whether Plaintiff and the Collective Members are similarly situated under the FLSA;

2. For an Order designating this proceeding as a Collective Action and authorizing notice pursuant to 29 U.S.C. §216(b) to the Collective Members allowing them to join this action by filing a written Notice of Consent;

3. Judgment finding that Laceisha King and Our Grace LLC are joint employers under the FLSA of Plaintiff and Collective Members;

4. Judgment awarding Plaintiff and the Collective Members unpaid overtime and minimum wage compensation, liquidated damages, attorneys' fees and costs under the FLSA;

5. Pre- and post-judgment interest at the highest rate allowable by law; and

6. All such other and further relief to which Plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully Submitted:

By: */s/ Scott E. Brady*
Philip Bohrer (Bar Roll No. 14089)
phil@bohrerbrady.com
Scott E. Brady (Bar Roll No. 24976)
scott@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000